IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe,<br><br>   Plaintiff,<br> v.<br><br>City of North Charleston; Detective Paul Schoolfield, *individually and in his capacity as an officer for the City of North Charleston*,<br><br>   Defendants. | Case No. 2:23-cv-04530-RMG<br><br>**ORDER AND OPINION** |

   This matter is before the Court on Defendants' motion to dismiss. (Dkt. No. 5). Plaintiff opposed the motion (Dkt. No. 9), and Defendants replied (Dkt. No. 12). For the reasons set forth below, the Court grants Defendants' motion to dismiss as to Plaintiff's 28 U.S.C. § 1983 claim. The Court declines to exercise its supplemental jurisdiction and dismisses without prejudice Plaintiff's state law claims.

**I. <u>Background</u>**

   Plaintiff alleges that she was sexually assaulted while unconscious on December 16, 2019. (Dkt. No. 1 at ¶¶ 9, 12). Plaintiff believed that she had been the victim of sexual assault because, upon regaining consciousness, "she found her clothes inside out and backwards," and "there was blood and semen on them." (*Id.* at ¶ 14). Plaintiff then went to the Medical University of South Carolina ("MUSC") to have a Sexual Assault Nurse Examiner ("SANE") exam conducted. (*Id.* at ¶ 19).

   Plaintiff called Defendants to report the sexual assault but was informed that no report could be taken because Plaintiff did not know the precise location of the alleged sexual assault. (*Id.* at ¶ 21). Plaintiff then "conducted her own independent investigation" to provide the precise

location to Defendants and then met with Defendant Detective Paul Schoolfield ("Schoolfield") to discuss her case. (*Id.* at ¶¶ 22–23). After the interview, Plaintiff sent additional pieces of evidence to Defendant Schoolfield, but "she would soon become very frustrated by the lack of empathy, interest, and/or progress on the investigation." (*Id.* at ¶ 26).

After approximately five months without an update, Plaintiff continuously called Defendants, requested progress reports, and inquired about the status of her case. (*Id.* at ¶¶ 27–30). Defendant Schoolfield met Plaintiff at her residence and implored her to "stop calling him and [the North Charleston Police Department ("NCPD")] about the investigation, that they were handling it, and that they would contact her if there was an update." (*Id.* at ¶ 32). Plaintiff continued to solicit updates from Defendant Schoolfield but received no responses. (*Id.* at ¶ 34).

On February 2, 2022, approximately two years after the alleged sexual assault, Plaintiff called to speak with Defendant Schoolfield and learned that he had retired. (*Id.* at ¶ 35). Further, Plaintiff "was horrified to learn that NCPD claimed it had no knowledge, incident report or file of any case regarding her sexual assault." (*Id.* at ¶ 37). Plaintiff shared her evidence with a different officer who opened a case number. (*Id.* at ¶¶ 42–43). Plaintiff also learned that on February 12, 2020, the Charleston County Sherriff's Office allegedly picked up Plaintiff's SANE kit from MUSC and destroyed it without Plaintiff's knowledge or consent on July 12, 2021. (*Id.* at ¶¶ 44–45).

On March 7, 2023, Plaintiff was informed that the case was at an impasse due to insufficient evidence. (*Id.* at ¶ 48). Plaintiff requested that Defendant City of North Charleston ("Defendant City") "determine the reasons for the gross negligence of undertaking an investigation and the NCPD's utter failure to take the simplest measures to investigate and preserve evidence in this matter." (*Id.* at ¶ 46).

On September 8, 2023, Plaintiff brought this action alleging four claims[1] under South Carolina law and one claim under 28 U.S.C. § 1983. (*Id.* at ¶¶ 50–79). On November 13, 2023, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 5). Plaintiff opposed the motion (Dkt. No. 9), and Defendants replied (Dkt. No. 12). This matter is ripe for the Court's review.

## II.     Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[1] Plaintiff alleges the following state law claims: (1) Gross Negligence / Recklessness / Willful & Wanton Disregard for the Rights of Plaintiff; (2) Negligent Hiring, Supervision, Training and Entrustment as to the City of North Charleston; (3) Negligent Infliction of Emotional Distress as to Paul Schoolfield individually; and (4) Violation of South Carolina Constitution. (Dkt. No. 1 at ¶¶ 50–74).

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### III.    Discussion

#### A.    28 U.S.C. § 1983 as to Defendant Schoolfield

28 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and quotations omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The gravamen of Plaintiff's complaint is that Defendants failed to adequately investigate her claim. In their motion to dismiss, Defendants argued that "there is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime." (Dkt. No. 5 at 13). In response, Plaintiff contends that "she was deprived of her

constitutional rights of equal protection under the law, and further, that her property was destroyed due to deliberate inaction of Defendants." (Dkt. No. 9 at 16).

First, the Court finds that the Fourth Circuit neither recognizes a constitutional right to an investigation nor guarantees a right to an adequate investigation of a third person . *Gilliam v. Sealey*, 932 F.3d 216, 240 (4th Cir. 2019) (reasoning that "there is no independent constitutional right to investigation of a third party"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right "as a member of the public at large and as a victim to have defendants criminally prosecuted"); *see Baker v. McCollan*, 443 U.S. 137, 146 (1979) (stating that there is no constitutional right to an "error-free investigation"). Several other circuits have reached the same conclusion. *See, e.g.*, *United States v. Grundhoefer*, 916 F.2d 788, 792 (2nd Cir. 1990) ("[A] private citizen generally lacks standing 'to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'") (citations omitted); *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) ("[V]ictims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").

To the extent the complaint can be read to allege a distinct constitutional deprivation premised on Defendants' failure to preserve Plaintiff's SANE kit, the Court finds that this claim also fails. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Relying on this rule, one court in this district has found that a plaintiff must "allege that the police who failed to disclose (or, here, failed to preserve) evidence necessary to an anticipated civil action against the perpetrator acted in bad faith, meaning that they acted with the

5

purpose of depriving the plaintiff of the use of the evidence in pursuing her civil claims." *Hart v. City of Santee*, No. 5:16-CV-03338-JMC, 2017 WL 3158779, at *5 (D.S.C. July 25, 2017)*; cf. Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"). Plaintiff's claim that Defendants' deliberate inaction led to the destruction of her SANE kit can be construed either as a claim that Defendants negligently caused the destruction of her SANE kit or a claim that Defendants did not adequately investigate her allegations by failing to preserve her SANE kit. In any event, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Accordingly, the Court finds that Plaintiff fails to plausibly allege a deprivation of a constitutional right under 28 U.S.C. § 1983 and grants Defendants' motion to dismiss Plaintiff's 28 U.S.C. § 1983 claim against Defendant Schoolfield.

B. **28 U.S.C. § 1983 as to Defendant City of North Charleston**

Plaintiff also asserts a 28 U.S.C. § 1983 claim against Defendant City. "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). The Court finds that this claim must also be dismissed because the Court has already found that Plaintiff has not plausibly alleged that she was deprived of any constitutional rights. *See, e.g.*, *Howerton v. Fletcher*, 213 F.3d 171, 175 n.5 (4th Cir. 2000) *(*finding that "a municipality cannot be held liable under section 1983 for inadequate training where individuals subject to the training program at issue did not violate the plaintiff's constitutional rights"); *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 420 (4th Cir. 1996) (finding that "[i]n the absence of

any underlying use of excessive force against Wilson, liability cannot be placed on either the non-shooting officers, a supervisor, or the City").

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's 28 U.S.C. § 1983 claim against Defendant City of North Charleston.

### C. Supplemental Jurisdiction

The only claims remaining before the Court are Plaintiff's claims under South Carolina state law. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court declines to exercise it supplemental jurisdiction over the pendant state law claims. The Court finds that underlying issues of comity and considerations of judicial economy weigh in favor of dismissing the state law claims without prejudice. *See De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) ("Given the dismissal of plaintiff's federal claim, it is appropriate to decline to exercise supplemental jurisdiction over her state law claims, and to dismiss those claims without prejudice.").

## IV. Conclusion

For the reasons set forth above the Court grants in part Defendants' motion to dismiss (Dkt. No. 5). The Court grants Defendants' motion to dismiss Plaintiff's claims under 28 U.S.C. § 1983. Furthermore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice.

**AND IT IS SO ORDERED.**

                                                           <u>s/ Richard Mark Gergel</u>
                                                           Richard Mark Gergel
                                                           United States District Judge

January 30, 2024
Charleston, South Carolina